## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PRABHJOT BAJWA,** **Chief Information Officer of AmeriCorps,** ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | Civil Action No. 25-cv-82 |
| **GINA CROSS**, **Former Chief Operating Officer of AmeriCorps, *et al.*,** ) ) ) ) | |
| Defendants. ) ) | |

### OPINION

*Pro se* Plaintiff Prabhjot Bajwa is the Chief Information Officer of AmeriCorps.  Compl.

¶ 1, ECF No.1 ("Compl.").  He claims that Defendants Gina Cross, in her individual and official

capacities as former Chief Operating Officer of AmeriCorps, Jenny Mauk, in her individual and

official capacities as Chief of Staff at AmeriCorps, and Jacob Sgambati, in his individual and

official capacities as Acting Chief Operating Officer of AmeriCorps, violated the Whistleblower

Protection Act when they issued him a Letter of Reprimand for reporting contract mismanagement

to AmeriCorps leadership.  *Id.* at 1–3.  He also alleges that Defendants violated the Constitution's

Due Process Clause in denying him a "fair and impartial grievance process."  *Id.* at 3.  Defendants

moved to dismiss the entire Complaint on the ground that this court lacks subject matter

jurisdiction.  Defs.' Mot. to Dismiss at 1–7, ECF No. 4-1 ("Defs.' Mot.").  Because the court

agrees, it will GRANT Defendants' Motion.

The Whistleblower Protection Act ("WPA"), Pub. L. No. 101–12, 103 Stat. 16 (1989), provides "most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct[.]" *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) (citing 5 U.S.C. § 2302(b)(8)). The Civil Service Reform Act ("CSRA"), Pub. L. No. 95–454, 92 Stat. 1111, codified in various sections of Title 5 of the United States Code, "provides the exclusive set of remedies for claims brought pursuant to the WPA." *Harris v. Bodman*, 538 F. Supp. 2d 78, 82 (D.D.C. 2008), *aff'd*, No. 08-5091, 2008 WL 5532102 (D.C. Cir. Aug. 27, 2008).

An employee who believes he is the victim of an unlawful reprisal must first bring his claim to the Office of Special Counsel, which investigates the complaint. 5 U.S.C. § 1214. If the Office of Special Counsel finds that there was a prohibited personnel action, as defined by 5 U.S.C. § 2302, it reports its findings to the Merit Systems Protection Board ("Board"), and may petition the Board on the employee's behalf. *Id.* § 1214(a). If, on the other hand, the Office of Special Counsel finds no agency wrongdoing, then the employee may bring an action before the Board via an Individual Right of Action appeal. 5 U.S.C. §§ 1221, 1214(a)(3); *Weber v. United States*, 209 F.3d 756, 758 (D.C. Cir. 2000) ("But even if the OSC's investigation does not support the complaint, the employee still may bring an individual action before the MSPB.").

Congress provided no role for federal district courts in the adjudication of federal whistleblower claims. Plaintiff appears to agree because he moved to stay this case "to pursue this matter with the [Board] first[.]" Pl.'s Mot. to Stay at 1, ECF No. 2.[1] Indeed, his case "is currently

---

[1] Plaintiff did not respond to Defendants' arguments in their motion to dismiss, and Defendants ask the court to "deem [their] arguments conceded[.]" Defs.' Reply in Support of its Mot. to Dismiss at 2, ECF No. 7. The court declines to do so because Plaintiff intended his opposition to

before" the Board.  Pl.'s Resp. to the Gov't's Mot. to Dismiss at 2, ECF No. 5.  If the Board rejects

his claim, *see* 5 U.S.C. § 1214(c) (providing judicial review for any final Board order that is

"adverse[]"), this court would still lack subject matter jurisdiction, because his right to judicial

review would be limited to "the United States Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction."  5 U.S.C. § 7703(b)(1)(B).  Therefore, this court has no

jurisdiction over Plaintiff's federal whistleblower claim.

      The same is true regarding Plaintiff's Due Process claim, although Defendants do not

address it.  That claim seeks relief for alleged conduct related to Plaintiff's whistleblower

activities.  Compl. at 2.  But it is the "manifestation of a considered congressional judgment,"

*United States v. Fausto*, 484 U.S. 439, 448 (1988), that the CSRA provide the exclusive remedy

for "all types of personnel action within its scope."  *LeBlanc v. United States*, 50 F.3d 1025, 1030

(Fed. Cir. 1995).  Because Plaintiff's Due Process claim is within the scope of his whistleblower

claim, the court similarly lacks jurisdiction to consider it.  *See Harris*, 538 F. Supp. 2d at 82

(dismissing a claim under the False Claims Act, in part, because it was related to plaintiff's

whistleblower claim).

      Accordingly, the court will GRANT Defendants' Motion to Dismiss Plaintiff's Complaint.

The court will also DENY AS MOOT Plaintiff's Motions for Stay.  A corresponding order shall

follow.

Date:  April 16, 2025

---

be "in response to [Defendants'] motion."  Pl.'s Resp. to Gov't's Mot. to Dismiss at 1, ECF No.
5.  *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (holding that the district court
has discretion whether to treat a motion as conceded).

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge